IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00357-CMA-MEH

MARCO A. ROCHA,

    Plaintiff,

v.

A. ZAVARAS, *et al.*,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendants' Motion to Stay Discovery [filed May 24, 2010; docket #23]. The motion is referred to this Court for disposition. (Docket #24.) Oral argument would not materially assist the Court in its adjudication. Based on a clear right to relief as established by the Supreme Court and described herein, the Court decides the motion without reviewing a response from Plaintiff. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Stay Discovery.

**I.    Background**

Plaintiff initiated this Section 1983 action *pro se* on March 3, 2010. (Docket #4.) Plaintiff brings numerous claims arising from his incarceration in the custody of the Colorado Department of Corrections. Plaintiff asserts Defendants violated multiple constitutional rights, including allegedly impermissible confiscation of property and deprivation of warm clothing. (*See id.*)

In response, eight of the nine Defendants submitted a Motion to Dismiss.[1] (Docket #22.)

---

[1] The remaining Defendant, Maria Rael, "is no longer an employee of the Colorado Department of Corrections." (Docket #22 at 1 n. 1.) Defendants represent the Colorado Department

Defendants assert that Plaintiff's claims accruing prior to March 3, 2008, are barred by the statute of limitations. (*Id*. at 3.) Defendants also contend Plaintiff fails to state a claim upon which relief can be granted, as he does not meet the pleading standard requiring personal participation by each named defendant. (*Id*. at 4.) Defendants believe they are entitled to qualified immunity. (*Id*. at 16.) Defendants bring the Motion to Stay presently before the Court based on their assertion of qualified immunity. (Docket #23 at 2.)

**II. Discussion**

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). As Defendants Zavaras, Leyba, Kiefer, McKibbin, Twilleger, Vandetti, DeCesaro, and Ross raise qualified immunity as a defense in the pending Motion to Dismiss, the Court must follow Supreme Court precedent regarding staying discovery until resolution of the immunity question.

An extension of the stay of discovery to Defendant Rael is within the Court's discretion. The Court believes that because Plaintiff's claims arise out of a nucleus of similar facts, attempting to engage in discovery with a Defendant not yet served would likely intrude on the protections against discovery in place for the remaining eight Defendants. Considering judicial efficiency and economy and the burden of discovery generally, the Court finds a complete stay to be appropriate at this stage of the litigation.

---

of Corrections did not waive service on Defendant Rael's behalf.

### III.     Conclusion

Accordingly, the Court **GRANTS** Defendants' Motion to Stay Discovery [filed May 24, 2010; docket #23]. Discovery is stayed pending resolution of Defendants' Motion to Dismiss. The Scheduling Conference set for May 28, 2010, is hereby **vacated**.

Dated this 26th day of May, 2010, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge