IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00357-CMA-MEH

MARCO A. ROCHA,

    Plaintiff,

v.

A. ZAVARAS, CDOC Director,
RON LEYBA, FMCC, Warden
D. KIEFER, FMCC Cpt.,
McKIBBIN, FMCC Sgt.,
S. TWILLEGER, FMCC Case Manager,
MARIA RAEL, FMCC C/O,
D. ROSS, FMCC Sgt.,
G. VANDETTI, CSP Cpt., and
A. DeCESARO, CDOC Grievance Officer,

    Defendants.

**ORDER ADOPTING AND AFFIRMING FEBRUARY 23, 2011 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case was referred to United States Magistrate Judge Michael E. Hegarty pursuant to 28 U.S.C. § 636. On February 23, 2011, the Magistrate Judge issued a Report and Recommendation concerning Defendants' Motion to Dismiss. The Magistrate Judge recommended that all claims, with the exception of Plaintiff's First Amendment claim of retaliation against Defendant Twilleger, be dismissed with prejudice. (*See* Doc. # 52.)

## I. <u>BACKGROUND</u>

The factual and procedural background of this matter is set out at length in Magistrate Judge Hegarty's thorough Recommendation, and the Court incorporates that recitation herein. Thus, this Court provides only a brief overview of the facts and procedural history and will expand on them, when necessary, within the analysis.

Plaintiff is a state prisoner incarcerated in the Colorado Department of Corrections ("CDOC") facility at Burlington, Colorado. In his Amended Complaint, Plaintiff brings nine claims, alleging violations of his First, Fourth, Eighth and Fourteenth Amendment rights, as well as violations of 42 U.S.C. § 1985(3) and § 2000cc-1. (Doc. # 35.)

On July 15, 2010, all Defendants except for Defendant Rael, who has not been properly served, responded to Plaintiff's Amended Complaint by filing a Motion to Dismiss. (Doc. # 37.) Plaintiff responded to Defendants' Motion (Doc. # 46) on August 30, 2010, and Defendants did not reply. In the Recommendation, Magistrate Judge Hegarty found that Plaintiff had not pleaded sufficient facts to show that Defendants violated Plaintiff's constitutional or statutory rights, with the exception of the First Amendment retaliation claim against Defendant Twilleger. (Doc. # 52 at 24.) The Magistrate Judge also recommended that these claims be dismissed with prejudice because allowing Plaintiff an opportunity to amend would be futile. (*Id.* at 27.) On March 14, 2011, Plaintiff, proceeding *pro se*, filed timely objections to several findings of the Recommendation. (Doc. # 54.)

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The Court has conducted the requisite *de novo* review of the issues and the relevant pleadings, including the Recommendation and Plaintiff's objections.

The Court must construe the filings of a *pro se* litigant liberally because they are held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Dismissal for failure to state a claim, "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint

would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### III. ANALYSIS

The Court construes the objections as follows: the Magistrate Judge erred in finding that (1) Plaintiff had not sufficiently alleged personal participation by Defendants Leyba, DeCesaro, and Zavaras as required to support his § 1983 claim against them; (2) Plaintiff did not state a plausible claim for relief related to the confiscation of his property, under the First or Fourth Amendments; (3) Plaintiff did not state a plausible claim for relief related to the deprivation of warm clothing under the Eight Amendment; and (4) Plaintiff failed to state a colorable conspiracy or equal protection claim. The Court considers these objections in turn.[1]

---

[1] Plaintiff has not objected to the Magistrate Judge's determination that Plaintiff failed to plead an actionable Eight Amendment claim for the deprivation of personal life-care items, deprivation of a toilet in an "emergency," subjection to working a job designed for two people, and excessive use of force by prison staff when handcuffing Plaintiff. Plaintiff also does not object to the Magistrate Judge's recommendation that the complaint be dismissed against Defendant Rael for lack of proper service. Defendants have not objected to the Magistrate Judge's finding that Plaintiff has pled a First Amendment retaliation claim against Defendant Twilleger. "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). The Court has reviewed the Magistrate Judge's recommendation on these issues and finds that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note.

### A.   LACK OF PERSONAL PARTICIPATION

The Magistrate Judge recommended dismissing the claims against Defendants Zavaras, DeCesaro, and Leyba because Plaintiff failed to allege that they had personally participated in any colorable constitutional violation.  In his objections, Plaintiff fails to raise any new issues of law or fact warranting a result different from that reached by the Magistrate Judge.  Instead, Plaintiff's objections merely rehash the allegations asserted in the Amended Complaint.  After conducting *de novo* review, the Court agrees with the Magistrate Judge that Plaintiff failed to allege any facts that would support his § 1983 claim against Defendants Zavaras, DeCesaro, and Leyba.

### B.   FOURTH AMENDMENT WRONGFUL CONFISCATION OF PROPERTY

In his Amended Complaint, Plaintiff claimed that, during a transfer to a different facility, he had "to donate or mail out all [his] legal materials except a 2.2 cubic Ft. [sic] amount." (Doc. # 35 at 5.)  Plaintiff described how he refused "to sign a property inventory and accept possession of only 2x2 ft. amount," thus prison staff confiscated all of the materials, including legal papers and personal items.  (*Id.*)   The Magistrate Judge concluded that the property limitations exercised by Defendants did not constitute an atypical hardship, were consistent with CDOC regulations, and, thus, did not violate the Fourth or First Amendments.  (Doc. # 52 at 15.)

Plaintiff argues that the Magistrate Judge failed to consider his Fourth Amendment claim that he was deprived of his property without due process.  This objection is without merit because the Magistrate Judge did consider Plaintiff's Fourth

Amendment claim. The Magistrate Judge cited *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999), for the proposition that state prison regulations regarding the type and quantity of individual possession in prison cells were valid. (Doc. # 52 at 14.) This Court has reviewed the relevant Tenth Circuit authority, including *Cosco*, and agrees with the Magistrate Judge that Plaintiff has not alleged an actionable Fourth Amendment wrongful confiscation of property or First Amendment access to the court's claim.

**C.     DEPRIVATION OF WARM CLOTHING**

The Magistrate Judge found that Plaintiff's claim regarding his commute in cold weather did not state an objectively plausible Eighth Amendment violation. Plaintiff contends that the cases cited by the Magistrate Judge were not analogous to his case, which "involv[ed] exposure to sub-zero temperature and freezing winds," and that the Magistrate Judge failed to consider the "psychological harm" that he suffered. (Doc. # 54 at 7-8.) The Court agrees with the Magistrate Judge. Plaintiff has not asserted that he was subjected to cold temperatures for any longer than the time it took to walk from his living unit to an intake area in the same facility. Although this may have caused Plaintiff some discomfort, it does not rise to a plausible Eight Amendment violation. *See Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) ("The Eighth Amendment does not mandate comfortable prisons, and conditions imposed may be restrictive and even harsh.") (internal quotations omitted).

D.     **SECTION 1985(3) CONSPIRACY CLAIM**

The Magistrate Judge found that most of Defendants' alleged conduct occurred outside of the statute of limitations period for § 1983 actions. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued."). Plaintiff commenced this action on March 1, 2010. (Doc. # 4 at 33.) Thus, any claim arising from conduct that occurred prior to March 1, 2008 would be barred by the statute of limitations.

Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) potentially alters this two-year time frame. "The limitations period for a § 1985(3) action 'runs from the occurrence of the last overt act resulting in damage to the plaintiff.'" *Lyons v. Kyner*, 367 F. App'x 878, 882 (10th Cir. 2010) (quoting *Bell v. Fowler*, 99 F.3d 262, 270 (8th Cir. 1996)). Plaintiff has alleged that some of Defendants' conduct occurred after March 1, 2008. Thus, assuming that all of Defendants' conduct was part of the same conspiracy, the statute of limitations would not bar claims resulting from Defendants' conduct that occurred prior to March 1, 2008, provided that Plaintiff successfully pled a § 1985(3) conspiracy.

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S.

88, 101-102 (1971)). "[Section] 1985(3) applies only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Hall v. Wilson*, No. 10-cv-01460, 2010 WL 3310357, at *2 (D. Colo. Aug. 18, 2010) (unpublished) (quoting *Griffin*, 403 U.S. at 102).

The Magistrate Judge found that Plaintiff failed to provide any support for his conclusory allegations that the Defendants conspired against him. In his objections, Plaintiff directs the Court to Exhibit B of the Amended Complaint. Plaintiff claims that the Magistrate Judge placed undue emphasis on one sentence that indicated that a Mr. Muellen (not a named defendant) took sole responsibility for a threat against Plaintiff, but ignored Mr. Muellen's other quote, prefaced with the pronoun "we."

Exhibit B is a memorandum written by Plaintiff to the CDOC in which he makes various factual allegations. (Doc. # 35 at 31.) Exhibit B quotes Mr. Muellen as telling Plaintiff that, "[w]e know what you're up to . . . You wanted be move [sic] to other prison but that's not going to happen . . . I will make a hell of your life in this place." (*Id.*) (capitalization in original removed). Assuming the accuracy of the quote, the significant weight Plaintiff attaches to the first person **plural** pronoun is undermined by Mr. Muellen's use of the first person **singular** pronoun when he stated "**I** will make a hell of your life in this place." (*Id.*, emphasis added.) Moreover, there is no indication that "we" included any of the named Defendants. In his Amended Complaint, Plaintiff does not specify which defendants conspired or how they did so. The Court need not accept his conclusory statements that a conspiracy existed without any supporting factual

averments. *See S. Disposal, Inc. v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998) (noting that courts need not accept a plaintiff's conclusory allegations as true). Because Plaintiff did not plead an actionable § 1985(3) conspiracy claim, the statute of limitations was not tolled and the majority of his claims are barred.[2]

**E. DISMISSAL WITH PREJUDICE**

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010). Amendment would be futile when a claim is barred by the statute of limitations. *Id.* Here, the only allegations within the limitations period that refer to an actual claim or defendant identified in Plaintiff's complaint are the handcuffing and excessive force by non-party prison staff, the retaliation by Defendant Twilleger, and, liberally construed, the deprivation of warm clothing during Plaintiff's daily commute. Regarding the excessive force and conditions of confinement claim, amendment would not remedy the legal deficiencies because these claims do not involve facts that implicate the Eighth Amendment. Thus, the Court concludes that giving Plaintiff an opportunity to amend would be futile in this matter, and all claims and Defendants other

---

[2] The only aspect of the Recommendation that Plaintiff objects to in which Defendants' conduct was alleged to have occurred after March 1, 2008 is the Magistrate Judge's determination regarding Plaintiff's "deprivation of warm clothing" Eighth Amendment claim.

than Claim Five, limited to retaliation against Defendant Twilleger, should be dismissed with prejudice.

## IV.  **CONCLUSION**

The Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct.  Therefore, Plaintiff's Objections are OVERRULED and the Court hereby ADOPTS and AFFIRMS the Report of the United States Magistrate Judge as the findings and conclusions of this Court.  (Doc. # 52.) Accordingly, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss (Doc. # 37) is GRANTED IN PART and DENIED IN PART.
2. All claims against all Defendants, except for Plaintiff's First Amendment claim of retaliation against Defendant Twilleger, are DISMISSED WITH PREJUDICE.

DATED:  March   28  , 2011

BY THE COURT:

_(signature: Christine M. Arguello)_

CHRISTINE M. ARGUELLO
United States District Judge