**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00357-CMA-MEH

MARCO A. ROCHA,

    Plaintiff,

v.

S. TWILLEGER, in an individual capacity,

    Defendant.

---

**ORDER DENYING MOTION TO AMEND JUDGMENT**

---

This matter is before the Court on Plaintiff's Motion to Amend Judgment Doc. # 67), filed on April 11, 2011.  For the following reasons, the Motion is denied.

On March 29, 2011, the Court adopted and affirmed the February 23, 2011 Report and Recommendation issued by Magistrate Judge Michael E. Hegarty.  In that Order, the Court granted in part and denied in part Defendants' Motion to Dismiss.  All claims against all Defendants, except for Plaintiff's First Amendment claim of retaliation against Defendant Twilleger, were dismissed with prejudice.  (Doc. # 55.)  Plaintiff's instant motion requests that the Court amend its judgment to correct alleged "errors of injustice."  (Doc. # 67.)

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Court's Order was issued on March 29, 2011.

The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Plaintiff argues that reconsideration is justified in order to correct clear error or prevent manifest injustice. Plaintiff does not assert that there has been an intervening change in controlling law or that new evidence has become available. In large part, Plaintiff's Motion rehashes objections he made to the Magistrate Judge's Report and Recommendation. This Court has already considered those objections and found them to lack merit. Thus, the Court will not address Plaintiff's Motion as it pertains to whether the alleged confiscation of property violated the First or Fourth Amendments, or whether Defendants' alleged deprivation of warm clothing stated an objectively plausible Eighth

Amendment violation.[1]  However, Plaintiff has made some additional arguments pertaining to his claims against Defendants Zavaras, DeCesaro, and Leyba that warrant discussion.

Plaintiff contends that the Court erroneously construed his claims against Defendants Zavaras, DeCesaro and Leyba as being brought under a supervisory or vicarious liability theory.  Instead, Plaintiff asserts that his claims against these defendants were brought under the "special relationship doctrine."  (Doc. # 67 at 2.)

The special relationship doctrine is an exception to the rule that state actors are liable under the Due Process Clause only for their own acts and not for private violence. *See Martinez v. Uphoff*, 265 F.3d 1130, 1133 (10th Cir. 2001).  The doctrine applies "when the state assumes such control over an individual that an affirmative duty is undertaken to protect that person from danger."  *Id.* at 1133, n.3.  "Examples of such control include a person who is a prisoner . . .."  *Id.*  However, the assertion of the "special relationship doctrine" in a § 1983 action does not relieve a prisoner from needing to allege personal involvement.  *See Kitzman-Kelley v. Warner*, 203 F.3d 454, 458 (7th Cir. 2000).  "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Gallagher v. Shelton*, 587 F.3d

---

[1] Plaintiff argues that Defendant Twilleger deprived him of warm clothing as retaliation on his attempt to exercise First Amendment rights.  The Court found that Plaintiff had plausibly plead a First Amendment retaliation claim against Defendant Twilleger.  However, the fact that Plaintiff plead an actionable First Amendment claim does not mean that his Eighth Amendment rights were violated.

1063, 1069 (10th Cir. 2009) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

Supervisors are only liable under § 1983 for the constitutional violations that they cause. *Dodds v. Richardson*, 614 F.3d 1185, 1213 (10th Cir. 2010). Several theories of liability are possible. A supervisor may be held liable for directly ordering a subordinate to violate a plaintiff's rights, by having actually knowledge of past constitutional violations being carried out by a subordinate, or by showing deliberate indifference, *i.e.*, some sort of supervisory shortcoming such as the failure to train or the failure to supervise. *See id.* at 1212. Regardless of what theory is asserted for supervisory liability, a supervisor "is only liable for his or her own misconduct." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). Plaintiff's assertion of the special relationship doctrine does not change the fact that Plaintiff did not plead sufficient facts to adequately allege personal participation on behalf of Defendants Zavaras, DeCesaro, and Leyba sufficient to support his § 1983 action against them.[2]

---

[2] Plaintiff also contends that dismissal with prejudice was inappropriate. Plaintiff notes that his First Amendment retaliation claim against Defendant Twilleger was not barred by the applicable statute of limitations. Plaintiff contends that Defendant Twilleger's alleged retaliation "implicitly encompassed the participation" from other defendants. Thus, Plaintiff argues that claims against those other defendants should not be barred by the statute of limitations. In its Order Adopting the Magistrate Judge's Report and Recommendation, the Court considered Plaintiff's § 1985(3) conspiracy claim and found that Plaintiff failed to provide any support for his conclusory allegations that Defendants conspired against him. Because Plaintiff has not successfully plead a conspiracy, the majority of his claims are barred by the statute of limitations. The remaining claims that are not barred by the statute of limitations do not involve facts that rise to the level of constitutional violations.

Accordingly, it is ORDERED that:

1) Plaintiff's Motion to Amend Judgement (Doc. # 67) is DENIED;

2) Plaintiff's Amendment to Complaint (Doc. # 76) is STRICKEN as being an unauthorized filing; and

3) In light of this Court's Order (Doc. # 55) dismissing claims against all Defendants except Defendant Twilleger, the caption on all subsequent filings shall be set forth as indicated in the caption to this Order.

DATED:  June   03  , 2011

BY THE COURT:

*Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge