IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00357-CMA-MEH

MARCO A. ROCHA,

    Plaintiff,

v.

S. TWILLEGER, individual capacity,

    Defendant.

---

### ORDER DENYING "MOTION FOR A 54(b) RULE CERTIFICATION"

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's "Motion for a 54(b) Rule Certification" [filed June 30, 2011; docket #90]. The motion is referred to this Court for disposition. (Docket #91.) Defendant responded, and the Court determines that oral argument would not assist in its adjudication. For the reasons stated below and the entire record herein, the Court **DENIES** Plaintiff's request for Rule 54(b) certification.[1]

    On March 29, 2011, the District Court adopted and affirmed the recommendation issued on February 23, 2011, by this Court. (Docket #55.) The District Court ordered all but one of Plaintiff's claims dismissed: Plaintiff's First Amendment claim of retaliation against Defendant Twilleger was permitted to proceed. (*Id*. at 1.)

---

[1] The Court issues an order, not a recommendation, because this order does not dispose of Plaintiff's right to appeal, it simply delays certification for appeal pending the full adjudication of Plaintiff's lawsuit.

Plaintiff requests Rule 54(b) certification regarding the dismissed claims in order to pursue an interlocutory appeal. No final judgment has been entered because one claim remains pending; thus, in order to prosecute the interlocutory appeal, the Court must grant Plaintiff's request by entering a final judgment as to the dismissed claims. *See* Fed. R. Civ. P. 54(b).

"The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (citation omitted). "[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Oklahoma Turnpike Auth.*, 259 F.3d at 1242 (citation omitted). The Court is obligated to make two express determinations before issuing a Rule 54(b) certification: 1) the order certified is a final order, and 2) "there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." *Id.* (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7, 8 (1980)).

Here, similar to the District Court's findings in *Marotta v. Rocco-McKeel*, Defendant Twilleger presents a compelling reason why the Court should delay review of Plaintiff's dismissed claims. No. 08-cv-02421-CMA-CBS, 2010 WL 2696694, at *2 (D. Colo. July 7, 2010). Although only one claim against Defendant Twilleger remains in this action, the Court dismissed multiple other claims against the same defendant. Thus, Defendant Twilleger would have to defend the case in both this court and the appellate court simultaneously. "This situation would undermine the policy of Rule 54(b) of seeking to avoid multiple, piecemeal appeals." *Marotta*, 2010 WL 2696694, at *2 (citation omitted). Accordingly, the Court determines that there is just reason to delay review

of Plaintiff's dismissed claims, and Plaintiff's "Motion for a 54(b) Rule Certification" [filed June 30, 2011; docket #90] is **DENIED**.

Entered and dated this 11th day of July, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge