IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00357-CMA-MEH

MARCO A. ROCHA,

    Plaintiff,

v.

S. TWILLEGER, individual capacity,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Preliminary Injunction and for Protective Order [filed August 18, 2011; docket #99]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for recommendation [docket #100]. Oral argument would not materially assist the Court in its adjudication of the motion. The Court respectfully recommends that, for the reasons stated herein, the motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

Plaintiff is a state prisoner incarcerated in the Colorado Department of Corrections ("CDOC") facility at Burlington, Colorado. Plaintiff commenced this lawsuit *pro se* on February 19, 2010. (*See* dockets ##1-3.) Plaintiff filed his initial complaint on March 3, 2010, and an Amended Complaint on June 30, 2010, pursuant to Section 1983 of 42 U.S.C., stating nine claims alleging violations of his First, Fourth, Eighth and Fourteenth Amendment rights, as well as violations of Section 1985(3) and Section 2000cc-1 of 42 U.S.C. (Docket #35.)

On March 29, 2011, the District Court adopted and affirmed the recommendation issued on February 23, 2011, by this Court. (Docket #55.) The District Court ordered all but one of Plaintiff's claims dismissed; Plaintiff's First Amendment claim of retaliation against Defendant Twilleger was permitted to proceed. (*Id*. at 1.)

In the present motion, which is vague and somewhat difficult to comprehend, the Plaintiff appears to seek injunctive relief in the form of a transfer to another prison and an investigation for the prison staff's "criminal reprisals," for actions allegedly taken by unnamed prison officials in 2009 and 2010. Motion, docket #99. Apparently, some of these actions were taken against another inmate, Ronald Cordova. *Id.*, ¶¶ 4-7. With respect to actions taken against him, Plaintiff's primary issue appears to be an action taken by the prison's "school supervisor" on August 5 (no year mentioned), who accused the Plaintiff of being late to class and ordered Plaintiff's "RP" segregation status for 90 days pursuant to a report concerning his tardiness. *Id.*, ¶¶ 9-10. According to Plaintiff, such action "can potentially escalate to [the prison's] pending criminal vindictiveness as shown in Exhibit A." *Id.*, ¶ 11. The document marked, "Exhibit A" (attached to the motion), is a CDOC Clinical Services Anatomical Form which is difficult to read, but which appears to be dated in 2009,

lists the Plaintiff as the "patient," and depicts injuries suffered by Plaintiff. Motion at 5.

## II. Discussion

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Furthermore,

> Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions ... (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier,* 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Here, Plaintiff seeks a preliminary injunction ordering his transfer to another facility and an investigation of the prison staff. Such order would alter the status quo rather than preserve it and,

3

thus, constitutes specifically disfavored injunctive relief. *See Schrier,* 427 F.3d at 1258-59.

Moreover, Plaintiff "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). For purposes of this analysis, the Court will assume that the described action taken by the school supervisor occurred on August 5, 2011.[2] First, the Plaintiff fails to describe the imminence of any supposed harm. Although he speculates that he *may* suffer injuries (such as those he apparently suffered in 2009) as a result of the school supervisor's action, the Court may not grant injunctive relief based upon mere speculation. In addition, there is nothing indicating that the school supervisor might harm the Plaintiff as he proposes. Plaintiff's mere speculation fails to establish that he will suffer imminent and irreparable harm without a Court-ordered injunction.

The Court further notes that the unnamed school supervisor is not a party to this action; thus, there is no likelihood of success on the merits of any claims Plaintiff may have against this supervisor. Therefore, Plaintiff fails to establish the necessity or appropriateness of the injunctive relief requested, and Plaintiff's Motion for Preliminary Injunction and Protective Order[3] should be denied.

**III.   Conclusion**

---

[2] Any of the other actions described by Plaintiff and allegedly taken in 2009 or 2010, or any action taken against another inmate, will not serve to demonstrate an "imminent injury" to the Plaintiff as required for preliminary injunctive relief.

[3] Typically, a request for a "protective order" in civil litigation is brought pursuant to Fed. R. Civ. P. 26(c) and pertains to the exchange of discovery. Nothing in the motion describes or relates to any discovery issues; therefore, the Court construes the motion solely pursuant to Fed. R. Civ. P. 65.

Based on the foregoing, and the entire record herein, I do respectfully RECOMMEND that Plaintiff's Motion for Preliminary Injunction and for Protective Order [filed August 18, 2011; docket #99] be **DENIED**.

Dated at Denver, Colorado, this 9th day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty  
United States Magistrate Judge