IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00357-CMA-MEH

MARCO A. ROCHA,

    Plaintiff,

v.

S. TWILLEGER, individual capacity,

    Defendant.

___

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**
___

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion to Compell [sic] Discovery [filed August 8, 2011; docket #97]. The matter is briefed and has been referred to this Court for resolution [docket #98]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, the Plaintiff's Motion to Compel is **granted in part and denied in part**.

**I.    Background**

    Plaintiff is a state prisoner incarcerated in the Colorado Department of Corrections ("CDOC") facility at Burlington, Colorado. Plaintiff commenced this lawsuit *pro se* on February 19, 2010. (*See* dockets ##1-3.) Plaintiff filed his initial complaint on March 3, 2010, and an Amended Complaint on June 30, 2010, pursuant to Section 1983 of 42 U.S.C., stating nine claims alleging violations of his First, Fourth, Eighth and Fourteenth Amendment rights, as well as violations of Section 1985(3) and Section 2000cc-1 of 42 U.S.C. (Docket #35.)

    On March 29, 2011, the District Court adopted and affirmed the recommendation issued on February 23, 2011, by this Court. (Docket #55.) The District Court ordered all but one of Plaintiff's

claims dismissed; Plaintiff's First Amendment claim of retaliation against Defendant Twilleger was permitted to proceed. (*Id*. at 1.)

The remaining First Amendment claim asserts that Defendant Twilleger retaliated against Plaintiff for his filing of grievances and lawsuits by instigating gang violence against him. Plaintiff describes how in June 2008, he heard from other inmates that Defendant Twilleger "instigated dangerous antagonism from gang members against [him], so they would 'take care' of [him]." (Docket #35 at 7, 21.) Plaintiff avers that Defendant Twilleger made this suggestion to the gang members "as a personal response to [his] grievances" filed "concerning Mrs. Twilleger's decision to place [him] under 'restricted status.'" (*Id*. at 21.) Plaintiff explains that he was then moved to a private prison where he "was twice beated [sic] . . . by gang members without any logic [sic] explanation but the mentioned case manager's [Twilleger] dangerous instigation." (*Id*. at 7.)

Plaintiff challenges Defendant Twilleger's objections and refusal to produce documents requested in the following Requests for Production of Documents:

> Request for Production No. 1: All documentation(s) that contain[s], mention[s], construe[s], or refers to policy or practice on any measures taken in response to issues under which inmate [sic] may be exposed to dangerous circumstances from the past 15 years - within the CDOC facilities.
>
> Request for Production No. 2: All documentation that contain[s], mention[s], construe[s], or refers to any inquiry, inspection or evaluation on inmate's [sic] complains [sic] or notifications of being under risk of serious harm, including risk of inmate-on-inmate violence from the past 15 years - within CDOC facilities - and as part of a Martinez Report, pursuant to *Martinez v. Aaron*, 570 F.3d 317 (10th Cir. 1978).
>
> Request for Production No. 4: Names and CDOC numbers of all inmates that were under Defendant's case management files during May 2008 to July 2008.

Defendant objects to these requests as vague, ambiguous, overly broad, unduly burdensome, and irrelevant. With respect to RFP No. 4, Defendant claims the information requested is privileged

pursuant to Administrative Regulation 950-5 and, otherwise, cannot be tracked due to the limitations of the CDOC database.

## II.     Legal Standard

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1).  Fed. R. Civ. P. 33(a)(2) provides "an interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1).  *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).  The Court will address each disputed request in turn.

## III.    Discussion

The information Plaintiff seeks must lead to the discovery of admissible evidence for his remaining retaliation claim.  To prove a claim of First Amendment retaliation under the circumstances described by Plaintiff, he must demonstrate the following: 1) he was engaged in constitutionally protected activity; 2) Defendant Twilleger's actions caused Plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;" and 3) Defendant Twilleger's "adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)).

A.  RFP No. 1

Defendant objects to this request on the bases of vagueness, ambiguity, overbreadth and undue burden. The Court agrees that Plaintiff's request for 15 years of documents concerning CDOC policy and/or practices in all of its facilities relating to all circumstances for which inmates complained of danger is overly broad and not calculated to lead to the discovery of admissible evidence for his retaliation claim. However, to the extent that Defendant is in possession of any written policies or practices governing Defendant as an employee of the CDOC during the relevant time period concerning the CDOC's response to danger to inmates or to inmates' complaints of danger, the Court finds that such information, to the extent that it is not privileged, is relevant to Plaintiff's claim.[1] Therefore, the Court orders Defendant to respond to Plaintiff's first request for production, as revised by the Court herein, on or before September 30, 2011.

B.  RFP No. 2

Defendant objects to this request on the bases of vagueness, ambiguity, overbreadth and undue burden. The Court agrees that Plaintiff's request for 15 years of documents concerning any inquiry, inspection or evaluation of all CDOC inmates who have complained or notified the CDOC of being under a risk of serious harm is overly broad and not calculated to lead to the discovery of admissible evidence for Plaintiff's retaliation claim. However, to the extent that Defendant is in possession of any written investigatory documents concerning the Plaintiff's complaints or his

---

[1] The Court has discretion to tailor discovery to the circumstances of the case at hand, and order only that discovery that is reasonable for a case. *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007) (citing *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37-38 (D. Md. 2000)); *see also Cartel Asset Mgmt. v. Ocwen Financial Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (also citing *Marens*).

notifications to the CDOC of a risk of serious harm, the Court finds that such information, to the extent that it is not privileged, is relevant to Plaintiff's claim. Therefore, the Court orders Defendant to respond to Plaintiff's second request for production, as revised by the Court herein, on or before September 30, 2011.

    C.    RFP No. 4

Defendant objects to this request on the bases of overbreadth, undue burden and privilege. The Court agrees in some respect that Plaintiff fails to explain how a list of the names of *all* inmates under Defendant's management from May 2008 to July 2008 will lead to the discovery of admissible evidence for his claim of retaliation. However, to the extent that Plaintiff wishes to know whether the inmates associated with his "two beatings" were under Defendant's management during the relevant time period, the Court finds such information may be relevant to Plaintiff's claim. Therefore, the Court will grant Plaintiff permission to rewrite this request as an interrogatory in which he may ask Defendant whether certain inmates were under the Defendant's management during the relevant time period, to the extent that he has not already done so. The Plaintiff shall submit the rewritten interrogatory to Defendant on or before September 20, 2011, and Defendant shall respond to this rewritten interrogatory with the information requested, to the extent it is properly drafted in accordance with this order and not privileged, on or before September 30, 2011.

**IV.**    **Conclusion**

The Court concludes that Plaintiff's requests for production of documents at issue in this motion, as currently drafted, are vague, overly broad and not calculated to lead to the discovery of admissible evidence for his retaliation claim. Thus, Defendant's objections are sustained. However, the Court finds that Plaintiff's requests, as rewritten herein, seek information and documents that

may be relevant. Accordingly, the Court orders that Plaintiff's Motion to Compell [sic] Discovery [filed August 8, 2011; docket #97] is **granted in part and denied in part**. The Plaintiff shall submit a rewritten version of RFP No. 4 as an interrogatory as set forth herein to Defendant on or before **September 20, 2011**. Defendant shall respond (with objections only as appropriate) to this interrogatory and to the rewritten requests for production as set forth herein on or before **September 30, 2011**.

Dated at Denver, Colorado, this 12th day of September, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge