**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00357-CMA-MEH

MARCO A. ROCHA,

      Plaintiff,

v.

S. TWILLEGER, individual capacity,

      Defendant.

---

**ORDER ADOPTING AND AFFIRMING JANUARY 3, 2012
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Michael E. Hegarty

pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  On January 3, 2012, the

Magistrate Judge issued a Recommendation (Doc. # 138) concerning Defendant's

Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment, and Plaintiff's

Second Motion for Injunction.  (Doc. ## 105, 110, 131.)  The Magistrate Judge recom-

mended that Defendant's Motion for Summary Judgment be granted, and that Plaintiff's

two motions be denied.  (Doc. # 138 at 1.)

In this case, Plaintiff brings a First Amendment retaliation claim against

Defendant Twilleger, alleging that she instigated gang violence against him by other

inmates because of grievances that Plaintiff filed against her.[1]  The Magistrate Judge,

---

[1] Plaintiff originally brought nine claims against numerous defendants for violation of his First,
Fourth, Eighth, and Fourteenth Amendment rights, as well as for violations of 42 U.S.C.
§ 1985(3) and 42 U.S.C. § 2000cc-1.  (Doc. # 35.)  On March 29, 2011, the Court adopted

in his detailed and well-reasoned Recommendation, found that Defendant was entitled

to qualified immunity and, therefore, recommended that Defendant's Motion for

Summary Judgment be granted.

On January 18, 2012, Plaintiff, proceeding *pro se*, filed timely objections to the

Recommendation.  (Doc. # 139.)   When a magistrate judge issues a recommendation

on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district court judge

"determine *de novo* any part of the magistrate judge's [recommendation] that has been

properly objected to."  In conducting its review, "[t]he district court judge may accept,

reject, or modify the recommendation; receive further evidence; or return the matter

of the magistrate judge with instructions."  *Id.*  Accordingly, the Court has conducted

a *de novo* review of this matter, including carefully reviewing all relevant pleadings,

the Recommendation, and Plaintiff's Objections to the Recommendation.

When a defendant asserts the defense of qualified immunity at summary

judgment, as in this case, the burden shifts to the plaintiff to show that the defendant

violated the plaintiff's constitutional or statutory rights, and to show that the right was

clearly established at the time of the alleged unlawful activity.  *Riggins v. Goodman*,

572 F.3d 1101, 1107 (10th Cir. 2009).   In the Tenth Circuit, a plaintiff that brings a First

Amendment retaliation claim must show:

> (1) that the plaintiff was engaged in constitutionally protected activity;
> (2) that the defendant's actions caused the plaintiff to suffer an injury that
> would chill a person of ordinary firmness from continuing to engage in that

---

and affirmed Magistrate Judge Hegarty's Recommendation on Defendants' Motion to Dismiss.
(Doc. # 55.)  Pursuant to that Order, only Plaintiff's First Amendment retaliation claim was
permitted to proceed.

activity and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)).  As the Magistrate Judge found, Plaintiff has failed to show that Defendant caused his alleged injury or that Defendant's alleged actions were the product of retaliatory motive.  (Doc. # 138 at 13-16.)  Thus, the Magistrate Judge concluded that "Plaintiff has not raised a triable issue of fact regarding a violation of his First Amendment rights."  (*Id.* at 16.)  In his Objections, Plaintiff fails to raise any new issues of law or fact warranting a result different from that reached by the Magistrate Judge.[2]

Based on the Court's *de novo* review, the Court concludes that the Magistrate Judge's thorough Recommendation is correct.  Therefore, Plaintiff's Objections (Doc. # 139) are OVERRULED and the Court hereby ADOPTS the Recommendation of Magistrate Judge Hegarty as the findings and conclusions of this Court.

Accordingly, it is ORDERED that:

(1)     Defendant's Motion for Summary Judgment (Doc. # 105) is GRANTED;

(2)     Plaintiff's Motion for Summary Judgment and Second Motion for Injunction

(Doc. ## 110, 131) be DENIED; and

---

[2] Plaintiff also objects to the Magistrate Judge's denial of his Second Motion for Injunction. Plaintiff's motion, which seeks to enjoin prison staff from harassing, intimidating, or threatening him, is predicated on "new developments" in which prison officers allegedly mistreated him. (Doc. # 131.)  As the Magistrate Judge noted, Plaintiff does not attribute any of these "developments" to Defendant.  Thus, Plaintiff's motion is unrelated to his claim against Defendant in the instant action, and is properly denied.

(3)     This case is now CLOSED.

DATED:  February   22  , 2012

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge